**ARCH et al. v. BERSON.**

**No. M–1086.**

District Court, E. D. Pennsylvania.

Oct. 16, 1944.

Maurice E. Cohen, of Philadelphia, Pa., for plaintiffs.

Morgan, Lewis & Bockius, Miles W. Kirkpatrick and J. Wesley Oler, all of Philadelphia, Pa., for defendant.

WELSH, District Judge.

This case presents a very unfortunate phase of the Philadelphia housing situation. The petitioner bought the home in which the defendant lives. The home in which the petitioner now lives is not satisfactory to her or her family. We can sympathize with her in this. Defendant lives in a home that she has occupied for a long period of time. Her husband is a dentist, is in the armed forces of his country, and she has two small children, one of whom, almost an infant, is ill. Her husband, before his enlistment in the service, practiced his profession from their present home. Defendant has sought and is still seeking for housing accommodations reasonably satisfactory under the conditions she now finds herself in. She has not been able to find such housing, as yet.

The public policy involved is apparent to everyone. We take judicial notice of the fact that great numbers of tenants are required to move because their homes have been purchased by others. In this competitive battle for homes the man in the armed service is not the economic equal of the average person in civilian life, by reason of the difference in incomes. The present trends indicate a return to the conditions that existed during the first world war when the order was "Buy or move". Those of us who are old enough remember very keenly the hardship and injustice of such procedure. If the instant case was between two civilians this Court could not officially be concerned with the question of policy. But inasmuch as defendant is in the armed service of his country it does not seem to me that it would be a wise, humane or a patriotic exercise of discretion to order the eviction of this woman in the circumstances, much as we sympathize with the legitimate desire of the plaintiff to obtain possession of the house that she has purchased.

We accordingly decline to order the eviction.